IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL PATE, | ) | CASE NO. 1:13 CV 1560 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KIMBERLY KLIPPER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Nathaniel Pate for a writ of habeas corpus under 28 U.S.C.§ 2254.[2] Pate is currently incarcerated by the State of Ohio at the Lorain Correctional Institution.[3] He is serving an aggregate prison term of 20 years imposed in 2007 by the Cuyahoga County Common Pleas Court after accepting Pate's guilty plea to charges arising out of an armed robbery and assault.[4]

The State, in its return of the writ, maintains that because the present habeas petition was filed three and a half years after the conclusion of his direct appeal, it should be

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge James G. Carr in a non-document entry dated August 27, 2013.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.*

dismissed as time-barred.[5] Pate, in his traverse, does not address the State's position as to timeliness but rather re-argues the merits of his claims for relief and asks for an evidentiary hearing.[6]

For the reasons that follow, I will recommend that the petition be dismissed as untimely without an evidentiary hearing.

## Facts

**A.  Background facts, plea, and sentence**

The background facts were noted by the Ohio appeals court in its review of the record[7] and are briefly summarized here.

Essentially, as the bars were closing in Cleveland's Warehouse District one night in September, 2005, a number of fights were going on that produced a police response.[8] Pate, who was on probation at the time,[9] was confronted by police in the midst of those fights and ordered to stop but instead fired off a number of rounds in the direction of the police officer

---

[5] ECF # 9.

[6] ECF # 10.

[7] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[8] ECF # 9-2 (state court record), at 171.

[9] *Id.*, at 175.

who had given the order.[10] Then, attempting to escape, Pate carjacked a vehicle at gunpoint and sped away, finally crashing the stolen car into the Justice Center in downtown Cleveland, where he then attempted to carjack another vehicle, but was finally apprehended.[11]

Pate was indicted on multiple charges arising from this incident[12] and initially pled not guilty to all charges.[13] But following a competency evaluation[14] which found him competent to stand trial,[15] Pate entered into a plea agreement by which he pled guilty to aggravated robbery with firearm specifications; felonious assault with firearm specifications; failure to comply with an order or signal of a police officer; attempted robbery; and having a weapon while under a disability.[16] Moreover, under that same agreement, three additional charges were dropped.[17] Accordingly, the trial court on July 18, 2007, sentenced Pate to an aggregate prison term of 20 years.[18]

---

[10] *Id.*, at 171.

[11] *Id.*, at 171-72.

[12] *Id.*, at 1-3.

[13] *Id.*, at 4.

[14] *Id.*, at 5.

[15] *Id.*, at 7.

[16] *Id.*, at 8.

[17] *Id.*

[18] *Id.*, at 9.

**B.     Direct appeal**

*1.     Ohio court of appeals*

On August 20, 2007, Pate, *pro se*, timely filed[19] a notice of appeal in the Ohio appellate court.[20] In his brief, Pate, through new counsel, then raised the following five assignments of error:

> ASSIGNMENT OF ERROR I: THE DEFENDANT'S GUILTY PLEAS WERE INVALID SINCE THE TRIAL COURT FAILED TO ADVISE HIM OF THE CONSEQUENCES OF VIOLATING POST-RELEASE CONTROL.
>
> ASSIGNMENT OF ERROR II: THE APPELLANT'S PLEAS WERE NOT KNOWINGLY AND VOLUNTARILY MADE WHEN HE WAS UNDER THE MISTAKEN BELIEF THAT HE WAS ELIGIBLE FOR JUDICIAL RELEASE.
>
> ASSIGNMENT OF ERROR III: THE DEFENDANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> ASSIGNMENT OF ERROR IV: THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE THREE YEAR SENTENCES FOR THE GUN SPECIFICATIONS CONTAINED IN COUNT ONE AND TWO.
>
> ASSIGNMENT OF ERROR V: THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES IN COUNTS ONE AND TWO.[21]

---

[19] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[20] ECF # 9-2, at 10.

[21] *Id.*, at 30.

The State filed a brief in response,[22] and on November 6, 2008, the Ohio appeals court thereupon overruled all the assignments of error, affirming the judgment of the trial court.[23]

Approximately two years later, or on September 16, 2010. Pate, *pro se*, attempted to file another direct appeal from this conviction and sentence with the Ohio appeals court.[24] On the same day as this appeal was filed, the Ohio appellate court denied leave to appeal and dismissed the appeal.[25]

## 2. *Delayed appeal to the Supreme Court of Ohio*

On February 25, 2013 – or over four years after his first direct appeal was decided in the Ohio appeals court – Pate, *pro se*, filed a notice of delayed appeal with the Supreme Court of Ohio.[26] In his motion to file a delayed appeal, Pate asserted that he was unable to timely appeal the 2008 decision of the Ohio appeals court because his lawyer did not file the necessary notice with the Ohio Supreme Court and because his transfers within the prison system caused legal material needed for the appeal to be lost.[27] Without receiving a filing

---

[22] *Id.*, at 142.

[23] *Id.*, at 161.

[24] *Id.*, at 177, 195.

[25] *Id.*, at 203, 204.

[26] *Id.*, at 205.

[27] *Id.*, at 208.

from the State, the Ohio Supreme Court denied Pate's motion for a delayed appeal and dismissed the case.[28]

The record does not indicate that Pate then sought a writ of certiorari from the United State Supreme Court.

## C. *Federal petition for a writ of habeas corpus*

Pate, *pro se*, filed the present petition in this Court, which was docketed on July 18, 2013.[29] In the petition, he raises the following four grounds for relief:

> **GROUND ONE:** Whether the defendant's guilty pleas were invalid since the trial court failed to advise him of the consequences of violating post-release control.
>
> **Supporting Facts:** On July 10, 2007, and prior to taking the defendant's guilty plea, the court failed to inform Mr. Pate of the consequences of violating post-release control. Indeed, the trial court did not comply with the mandatory requirements of Crim. 11(c)(2)(A).
>
> **GROUND TWO:** The appellant's pleas were not knowingly and voluntarily made when he was under the mistaken belief that he was eligible for judicial release.
>
> **Supporting Facts:** In this case at the plea hearing, defense counsel anticipated at least a 14 year sentence, and advised the court that she had informed her client that he would be eligible for judicial release.
>
> **GROUND THREE:** The defendant did not receive effective assistance of counsel.

---

[28] *Id.*, at 228.

[29] ECF # 1 at 1. Although Pate signed the petition, Pate did not date the petition. (*See*, ECF # 1 at 16). The envelope in which Pate submitted his petition indicates that it was post stamped on July 16, 2013, at the Lorain Correctional Institution.

**Supporting Facts:** Mr. Pate was informed, by counsel, that he would be eligible for judicial release. This was an incorrect statement of the law.

**GROUND FOUR:** The trial court erred by imposing consecutive three year sentences for the gun specifications contained in Counts One and Two.

**Supporting Facts:** The trial court imposed consecutive sentences for three year gun specifications for Counts One and Two for aggravated robbery, and felonious assault, which is prohibited by law.[30]

As noted, the State in its return of the writ asserts that the petition is untimely. Pate, in his traverse, does not address the issue of untimeliness nor offer any grounds for equitable tolling of the limitations period, but rather restates the arguments on the merits for his various claims for relief.

## Analysis

**A.  Standard of review – timeliness**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[31] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[30] ECF # 1 at 6, 8, 9, 11.

[31] Pub. L. No. 104-132, 110 Stat. 1214.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[32]

Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state postconviction relief or other collateral review.

**B.    Application of standard – the petition should be dismissed as untimely**

In this case, Pate neither argues nor alleges facts to suggest that the underlying factual basis of his claims could not have been discovered through the exercise of due diligence before the conclusion of direct review in the Ohio courts. Pate raised all his habeas grounds in his direct appeal to the Ohio Court of Appeals. Instead Pate's claims are governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

The appellate court affirmed Pate's convictions on November 6, 2008. He had 45 days after that, or until December 22, 2008, in which to file an appeal to the Ohio Supreme Court

---

[32] 28 U.S.C. § 2244(d)(1).

but did not do so.[33] Pate's convictions became final on December 22, 2008. The period of limitation began to run on the following day, on December 23, 2008 and expired one year later on December 23, 2009, absent application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.[34]

Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a "properly filed" application for state postconviction relief or other collateral review.[35] "The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[36] Once the limitations period expires, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar.[37] Importantly, under § 2244(d)(2), the tolling effect is limited to the period of time that the application is under state court review, and does not extend to the time during which a subsequent petition for certiorari is considered or could be considered by the United States Supreme Court.[38]

---

[33] *See* Rule II, § 2 of the Rules of Practice of the Supreme Court of Ohio.

[34] *See* Fed. R. Civ. P. 6 (a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).

[35] *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).

[36] *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *see Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001), *cert. denied*, 534 U.S. 905 (2001).

[37] *Id.*

[38] *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

An unsuccessful motion for a delayed appeal tolls the statute of limitations under 28 U.S.C. § 2244(d)(2), but is not part of the direct appeal for purposes of 28 U.S.C. § 2244(d)(1).[39] For that reason, an unsuccessful motion for delayed appeal tolls the running of the statute of limitations, but does not cause the statute to begin running anew.[40]

In this case, neither Pate's attempt to file a second appeal in the Ohio Court of Appeals nor his unsuccessful delayed appeal in the Ohio Supreme Court tolls the running of the statute of limitations because the statute had already long expired (in 2009) by the time these actions were filed in 2010 and 2013.

Pate filed his federal habeas corpus petition on July 18, 2013, but his petition was due on December 23, 2009.[41] Pate's petition is three and one-half years too late and, therefore, barred from review by the statute of limitations absent equitable tolling.

The United States Supreme Court has held that the statute of limitations for habeas corpus petitions is "subject to equitable tolling in appropriate cases."[42] The party asking for

---

[39] *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (citing *Searcy*, 246 F.3d at 519).

[40] *Searcy*, 246 F.3d at 519.

[41] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner provided his petition to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). In this case, Pate fails to provide that information in his petition. But, as stated earlier, the envelope in which Pate submitted his petition indicates that it was post stamped on July 16, 2013, at the Lorain Correctional Institution.

[42] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

equitable tolling has the burden of proving that he is entitled to it.[43] For equitable tolling to apply, a petitioner must establish that he pursued his rights diligently, but "some extraordinary circumstances stood in his way," preventing the timely filing of the petition.[44]

Pate has not provided any justification to excuse his untimeliness. As noted, he has failed to respond in his traverse with any basis for equitable tolling. Pate has not established that he pursued his rights diligently nor has he identified any circumstance extraordinary or otherwise which prevented the timely filing of his habeas corpus petition. His transfer to different correctional facilities, which he cited as cause for his delay in appealing to the Ohio Supreme Court, is considered a routine part of prison life and does not amount to the extraordinary circumstances necessary to support equitable tolling.[45] He is, therefore, not entitled to equitable tolling.

Moreover, to the extent that Pate claims that he should be entitled to equitable tolling because his appellate attorney was ineffective in timely perfecting his appeal to the Ohio Supreme Court, it is well-settled that there is no right to counsel for discretionary appeals such as this.[46] Thus, the actions or inactions of Pate's appellate counsel in this situation

---

[43] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[44] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see Holland*, 560 U.S. at 649; *Lawrence*, 549 U.S. at 336. The diligence required is "reasonable diligence," not maximum diligence. *Holland*, 560 U.S. at 653.

[45] *Allen v. Johnson*, 602 F. Supp.2d 724, 728 (E.D. Va. 2009) (and cases cited therein).

[46] *Lopez v. Wilson*, 426 F.3d 339, 357 (6th Cir. 2005) (*en banc*) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)).

cannot provide a basis for excusing Pate's lack of diligence in filing an appeal with the Ohio Supreme Court.

Further, if the recommendation to dismiss this petition as time-barred is adopted, the motion for an evidentiary hearing would be moot.

## Conclusion

For the reasons stated, I recommend that the *pro se* petition of Nathaniel Pate for a writ of habeas corpus be dismissed as time-barred.

Dated: January 23, 2015                                  s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[47]

---

[47] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).